## ORR v. MUTUAL LIFE INS. CO. OF NEW YORK.
### No. 8403.

District Court. W. D. Missouri, W. D.
April 15, 1932.

W. S. Hogsett, of Kansas City, Mo., for plaintiff.

W. C. Michaels, of Kansas City, Mo., for defendant.

OTIS, District Judge.

Plaintiff and defendant entered into a contract of life insurance September 22, 1920. Among others are certain provisions of the contract dealing with the subject of "benefits in the event of total and permanent disability before (the) age (of) sixty." These provisions, so far as they need be here set out, are as follows:

"If the insured, after payment of premiums for at least one full year, shall, before attaining the age of sixty years and provided all past due premiums have been duly paid and this policy is in full force and effect, furnish due proof to the company at its home office * * * that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation * * * the company, upon receipt and approval of such proof, will grant the following benefits:

"1. Waiver of Premium—The Company will, during the continuance of such disability, waive payment of each premium as it becomes due, commencing with the first premium due after approval of said due proof. Any premium due prior to such approval by the company must be paid in accordance with the terms of the policy, but if due after receipt of said due proof, will, if paid, be refunded upon approval of such proof.

"2. Income to. Insured.—The company will, during the continuance of such disability, pay to the insured a monthly income at the rate of ten dollars for each one thousand dollars of the face amount of this policy, * * * the first such monthly payment being due on receipt of said due proof and subsequent payments on the first day of each calendar month thereafter, if the insured be then living and such disability still continue. No income payments, however, will be made prior to approval of such proof by the company as satisfactory, but upon such approval whatever income payments shall have become due will then be paid and subsequent payments will be made when due. * * * "

In his petition, the plaintiff alleges that on April 27, 1925, he became totally and permanently disabled from disease. He alleges that, being ignorant of the provisions of the contract providing for benefits for total and permanent disability and discovering those provisions for the first time in September, 1931, he then, or shortly thereafter, furnished the defendant such proofs of total and permanent disability as were required by the defendant. These proofs were received by the defendant and approved as satisfactory. Thereafter the defendant delivered to the plaintiff its check for $1,733.10, covering a refund of the annual premium of $433.10 paid by plaintiff on September 22, 1931, and $1,300 for income benefits at the rate of $100 per month from the period December 4, 1930, to December 4, 1931. It is alleged that the defendant has refused to pay income benefits for the period from April 27, 1925, to December 4, 1930. This action is brought to recover income benefits for this period, and to recover also premiums paid on the contract during this period, and for damages for vexatious delay and for attorney's fees.

The answer of the defendant admits that the plaintiff became totally and permanently disabled within the meaning of the contract on April 27, 1925, but denies that under the contract the plaintiff is entitled to any greater amount than he has been paid.

1. The principal question raised by the demurrer is whether, by the terms of the contract, the defendant is obligated to pay benefits on account of total and permanent disability for the full period during which such disability may have existed, including that part of it preceding the furnishing to the defendant by the insured of proof of disability. The contention of the plaintiff is that under the contract the insured, having furnished due proof, is then entitled to benefits for the whole period of disability. The contention of the defendant is that the insured is entitled to benefits from the date when proof of disability is furnished.

Deferring for the present consideration of cited cases, I examine the language of the contract. So examining it, I am constrained to say I do not find in it any possibility of reasonably interpreting it as the plaintiff contends it should be.

In my judgment there is no basis in the language used in the contract for the contention that it might be construed to be an agreement by the company to make retrospective payments for the period of disability before the furnishing of proof as well as prospective payments for the period of disability after the furnishing of proofs. Courts will not strain themselves to find ambiguities so that they may apply the rule that ambiguities must be resolved against the insurer. Out of the language of this contract, excessive straining cannot produce the tiniest particle of ambiguity.

Plaintiff points to a phrase and to a clause in paragraph 2 of that part of the contract which is set out above; to the phrase "during the continuance of such disability," and to the clause "but upon such approval, whatever income payments shall have become due will then be paid." Here, says plaintiff, are at least implied acknowledgments of liability for the whole period of disability. But neither the phrase nor the clause has any meaning unless it is read with its context. So read, they afford no support for the contention made.

The reasonable meaning of the phrase "during the continuance of such disability" is while the disability continues. The phrase is preceded by the verb, "will." It is an adverbial phrase. It has to do not with the beginning of liability, but with the termination of liability. If there could be any doubt about it that doubt immediately and in the same sentence is removed by an unequivocal and certainly an unambiguous provision as to when the first payment shall be due and as

to what shall be the amount thereof. The company agrees to pay a first monthly payment of $100 (under this contract) upon the receipt of proofs, and subsequent monthly payments of $100 each, "on the first day of each calendar month thereafter." It is just impossible to reconcile this provision with plaintiff's theory of the contract.

The reasonable meaning of the words, "but upon such approval, whatever income payments shall have become due, will then be paid," is beyond any doubt. That there is but one possible interpretation to be given them easily is discernible from the context. In the immediately preceding sentence it is set out that the first monthly payment shall be due on receipt of due proof, and that subsequent monthly payments shall be due on the first day of each calendar month after the receipt of due proof. Of course, however, the company would not bind itself to make payments upon the mere receipt of due proof and before approval of that due proof. A necessary interim, its length or brevity depending upon the circumstances, must elapse between the receipt and approval of proof. So it is provided that although one or more income payments may have become due, in the sense that liability for them is recognized if the proof later is approved, no such payments will be made until there has been approval, and it is provided that when there has been approval then the one or more income payments which in the meantime have become due will then be paid. The meaning is so plain that any discussion of the matter cannot possibly make it more obvious.

2. The chief reliance of plaintiff for the construction urged by him is the decision and opinion of the Circuit Court of Appeals for the Eighth Circuit in Minnesota Mutual Life Insurance Company v. Marshall, 29 F. (2d) 977, 978. That case involved a policy containing a provision that if while the policy was in full force and effect and there had been no default in the payment of premiums the insured "shall become totally and permanently disabled, as hereinafter provided, and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due."

The question was whether waiver of premiums began as of the date of the beginning of total and permanent disability, or as of the date of the furnishing by the insured of satisfactory proof of such total and permanent disability. The Court of Appeals held the waiver began as of the date of the beginning of disability.

With the greatest possible respect for every opinion of the learned Court of Appeals, with full recognition of the binding effect upon me of any of its pertinent decisions, I am, nevertheless, tempted to express the view that the conclusion reached in the case cited is at least debatable.

Courts do not make contracts. Parties to contracts make them and are bound by them, even by provisions in them which are harsh. Courts must enforce even harsh provisions if there is no doubt as to their meaning. Where there are two possible meanings, courts may, in certain situations, adopt one or the other of those meanings. But the meaning that is adopted must be in the contract. The Court of Appeals in the case cited was able to find in the contract it was considering the meaning that the company would waive payment of premiums upon the happening of permanent and total disability of the insured, although the contract provided in so many words that premiums would be waived upon the happening of that contingency and "the furnishing of satisfactory proofs thereof." The argument was that such would be the construction placed upon the language used by the "ordinary layman."

I find it difficult to follow this argument. Since the language used requires that two separate and independent things shall happen before premiums will be waived, it is difficult to understand how a layman or any other could conclude that premiums would be waived if only one of those things happened.

I find it difficult also to follow the further argument of the Court of Appeals, that because different courts have placed different constructions upon similar language in insurance contracts, therefore, that language necessarily is ambiguous and, being ambiguous, must be construed most favorably to the insured. Referring to conflicting decisions, the court said: "These decisions of themselves establish doubt as to the construction and meaning of the provisions which we are called upon to interpret."

To my mind this is a non sequitur. If we say that language becomes ambiguous because some one contends it is ambiguous or some other concludes it is ambiguous, we save ourselves much labor, but we have applied a test that scarcely will stand examination. Unless we can point out in language we are considering wherein it has a double meaning, we are not justified in saying it is ambiguous, however many learned judges and unlearned laymen have voted "yes" upon the question, "Is it ambiguous?"

The case of Bergholm v. Peoria Life Insurance Company, 284 U. S. —, 52 S. Ct. 230, 231, 76 L. Ed. —, decided by the Supreme Court February 15, 1932, does not approve the ruling in Minnesota Mutual Life Insurance Company v. Marshall. The Supreme Court distinguishes the Bergholm Case from the Marshall Case. Assuming, but not agreeing, that the language used in the contract involved in the Marshall Case might be construed as making the fact of total and permanent disability the only condition precedent to the waiver of premiums, the Supreme Court expressly held that the furnishing of proofs, in the contract in the Bergholm Case, is a condition precedent. But the language of that contract is essentially identical with the language of the contract here.

In the contract in the Bergholm Case, the language is:

"Upon receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled * * * the Company will

"1. Pay for the Insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the Insured and will also

"2. Pay to the Insured a Monthly Income for life of 1% of this Policy; The first payment of such income to be paid immediately upon receipt of such proof. * * *"

The language in the contract here is:

"If the insured * * * shall * * * furnish due proof to the company * * * that he has become totally and permanently disabled * * * the company, upon receipt and approval of such proofs

"1. * * * will * * * waive the payment of such premium as it becomes due commencing with the first premium due after approval of said due proof. * * *

"2. * * * will, during the continuance of such disability, pay to the insured a monthly income. * * *"

■ If in the contract discussed in the Bergholm Case the "receipt of proof of the disability is," as the Supreme Court says, "definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof," then certainly in this case the language used makes the furnishing of due proof to the company of the total and permanent disa-

bility a condition precedent to the waiving of the payment of premiums becoming due thereafter, "commencing with the first premium due after approval of said due proof."

To my mind it is impossible to contend, in the face of the Bergholm decision, that there is in that part of the contract here which deals with waiver of premiums after proof of permanent and total disability any basis for the construction urged by the plaintiff, to wit, that it has as a possible meaning an agreement to waive premiums from the beginning of disability, without regard to the time when proofs thereof are made.

3. Even if it might be argued that there is ambiguity in that part of the contract dealing with waiver of premiums, it would not follow that there is ambiguity also in that part of the contract having to do with the payment of monthly income on account of total and permanent disability. I have tried to show there is no such ambiguity, that the language used in the contract is susceptible only of one meaning, and that that meaning is that the monthly income provided for is to be paid on account of disability from the time when due proof has been made thereof and in amounts expressly agreed to, which, as agreed to, could not include payments on account of disability for any period prior to the furnishing of proof.

4. The answer admits that the plaintiff was totally and permanently disabled on April 27, 1925. If he had then furnished proof he would have been entitled to monthly income payments from the date thereof. He did not then furnish proof. Perhaps, if the defendant expressly or otherwise has waived the requirement touching the furnishing of proof, the plaintiff would be entitled to monthly income payments for the full period of his disability. The plaintiff suggests that the allegations in the answer show such a waiver. I think they do not. On the contrary, they show an insistence upon the part of the defendant that the condition precedent provided in the contract, that due proof shall be made, must be complied with by the plaintiff.

As I see it, only one question really is raised by the demurrer. That is as to the construction of the contract; as to whether it provides for payments for the full period of disability or only for such part of that period as follows the furnishing of proof of disability.

The demurrer should be overruled. It is so ordered.