HARRY B. MENDELSOHN *vs.* AUTOMOBILE INSURANCE
COMPANY OF HARTFORD.

Suffolk.    February 7, 1934. — March 26, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Insurance*, Construction of policy, Of goods in transit. *Contract*, Construction. *Words*, "Collision."

The rule, that the language of an insurance policy will be construed most strongly against the insurer, can be resorted to only when the language is ambiguous.

The language of a policy of insurance against damage to goods, while loaded for shipment or in transit on a certain motor truck, "by . . . collision, i.e., accidental collision of the motor truck with any other automobile, vehicle, or object," was not ambiguous and should be given its ordinary meaning; and the policy did not cover damage resulting to goods in transit upon the truck when the top of the load, but no part of the truck itself, came into contact with an overhead bridge.

CONTRACT. Writ dated March 22, 1932.

The action was tried in the Superior Court before *Morton*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*W. F. Neary*, for the plaintiff.

*P. E. Nourie*, for the defendant.

DONAHUE, J. The defendant issued to the plaintiff a policy of insurance against loss or damage due to certain stated perils on shipments of goods and merchandise while loaded for shipment or in transit on a described automobile truck. The plaintiff sent the truck with a load of unupholstered parlor suite frames from Braintree in this Commonwealth to Brooklyn, New York. The load was bulky and high and while the truck was on the road to New York the top of the load came in contact with an overhead bridge, causing damage to the goods to the extent of $200. No part of the truck itself came in contact with the bridge. The plaintiff seeks to recover under language of the policy which states that he was insured "against loss or damage to such goods by: (c) Collision, i.e., accidental collision of the motor truck with any other automobile, vehicle or object."

At the trial in the Superior Court the judge ruled that the plaintiff was not entitled to recover because the motor truck had not come into collision with any other automobile, vehicle or object, directed the jury to return a verdict for the defendant and reported the case for the determination of this court.

The plaintiff's right to recover depended upon his proving that his goods were damaged by a "collision," as defined in the insurance contract made by the parties. The plaintiff

contends that "the load was an integral, component part of the 'motor truck'" within the meaning which he thinks should be given to the words of the insurance policy, earlier here quoted. He invokes the rule frequently applied that the language of an insurance policy will be construed most strongly against the insurer because it has chosen the language by which the contract of the parties is expressed. This, however, is not a rule of universal application. It may be resorted to only when the words used are ambiguous or the meaning of the language is doubtful. *Rosenfeld* v. *Boston Mutual Life Ins. Co.* 222 Mass. 284, 287. *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 344. *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471–472. *Farber* v. *Mutual Life Ins. Co.* 250 Mass. 250, 253. *Mulcahy* v. *Travelers Ins. Co.* 261 Mass. 245, 250. Williston, Contracts, § 621.

The words used in defining the peril insured against by this portion of the policy are simple, every day words and the structure of the sentence where they appear is not complicated. There is nothing to indicate that the words are given a peculiar or technical meaning in the enterprise of transporting merchandise by motor truck or in the business of insuring merchandise thus in transit. From the context in which the words are found, it does not appear that any other than their ordinary meaning should be given to the words. The record shows little of the circumstances under which the policy was issued. The fact that the plaintiff would always have complete control of the manner in which the truck should be loaded and of the height and the width of the loads to be placed thereon has some tendency to explain the limitation of liability to a collision of the truck itself as distinguished from its load. We find nothing in the record which would justify us in ignoring the ordinary meaning of the words employed and treating the language as ambiguous.

Since the language cannot be held to be ambiguous we are obliged to construe the contract which the parties made as excluding liability of the defendant on the facts here presented.

*Judgment on the verdict.*