## Bucks County Construction Company, Inc., et al. *v.* Alliance Ins. Co., Appellant.

Argued October 1, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Joseph W. Henderson,* with him *Harrison G. Kildare* and *Rawle & Henderson,* for appellant.

*Lionel Teller Schlesinger,* with him *A. Bernard Hirsch,* for appellees.

OPINION BY HIRT, J., January 8, 1948:

A Bucyrus-Erie power shovel owned by plaintiff construction company was damaged in the course of transportation on a tractor-trailer unit. The damage occurred when the shovel collided with a concrete pillar under the Thirtieth Street Station of the Pennsylvania Railroad Company in Philadelphia. This action was brought to recover the cost of repairing the shovel under a policy of casualty insurance issued by defendant. On stipulated facts the case was tried without a jury by Judge WINNET of the lower court and resulted in a judgment for $1,779.41 in favor of the plaintiff. Whether damage to the shovel under the circumstances was a risk assumed by the terms of the insurance contract is the sole question raised by this appeal. The judgment will be affirmed.

The policy insured property of plaintiff, including this particular Bucyrus-Erie shovel, against direct loss or damage from a number of specified causes including *"Collision, Derailment or Overturning of land conveyances* while the insured property is being transported thereon, including loading and unloading." The phrase in italics gives rise to the contested issue in this case. It is appellant's contention that since the shovel was damaged solely by contact with the pillar, and not by collision of the conveyance with any object, there can be no recovery, though the shovel was damaged in transit by collision. In the light of the intent of the parties as disclosed by their contract as a whole, it is our view that plaintiff is not to be barred by the above provision of the policy so narrowly construed and applied.

There is no ambiguity in the language of the limitation of the policy relating to damage by collision. But notwithstanding the clear meaning of words in the above clause of the policy, a broader coverage may be inferred from the circumstances which indicate a wider mutual intent. "While it is of course true that where the language of an insurance policy is clear and unambiguous it cannot be construed to mean otherwise than what it says (Urian v. Insurance Co., 310 Pa. 144, 150-51) yet it must be given a reasonable interpretation, in the light of the subject-matter and the situation of the parties at the time the contract was made, and such construction must not be manifestly absurd, nor effectually prevent a recovery under all circumstances": *Janney v. Scranton Life Ins. Co.*, 315 Pa. 200, 203, 173 A. 819. "Insurance policies, like statutes, must receive 'a sensible construction' ": *Albert v. Mut. B. Health & Acc. Assn.*, 350 Pa. 268, 38 A. 2d 321. See also *Perry v. Southern Surety Co.*, 78 Pa. Superior Ct. 222.

The policy by its name, "Scheduled Property Floater Policy", written on its "Contractors Equipment Floater Form" implies *protection to the property* described in the policy, while in transit. And the character and bulk

of the unusual items of property, specifically identified and described, has an important bearing upon the mutual intent of the parties, under their contract, as to the risks intended to be assumed. The schedule of the policy lists and describes eleven items of proprty, for the most part heavy contractor's equipment, viz: two Lorraine Moto-Cranes, two Bucyrus-Erie shovels, two tractors, three clam shells and two pumps—of a total value of $44,-236.50. For an additional premium three other pieces of similar big equipment, of a total value of $18,331.44 were added to the schedule. Contractors must transport their equipment from job to job over highways by truck, and common prudence suggests the importance of insurance of machinery so valuable, against damage in transit. Plaintiff undoubtedly believed that it had such protection. It was stated at the argument, though not so stipulated in the lower court, that the damaged property described in the schedule as Bucyrus-Erie Shovel #10-4 No. 18193 was so large that it of necessity extended beyond both sides of the trailer in transit. There is evidence in a fact which *was* stipulated in the lower court on which an inference to that effect (and we must give the plaintiff the benefit of it) rests. The power shovel here must have been so large as to extend beyond the side of the truck else it could not have been damaged without contact of the truck with the pillar. A concrete pillar, upright and immobile, could not have come in contact with the load otherwise. Because of the bulk of this equipment, specifically described in the policy of insurance, the insurer should not be relieved from liability if the loaded shovel extended over the sides of the conveyance, thus protecting the conveyance from colliding with anything, but subjecting the shovel to the whole impact of collision.

The courts of this State have not construed a similar provision of insurance in floater policies, and there is not entire unanimity elsewhere. In *C. & J. Commercial Driveway v. Fidelity & Guar. Fire Corp.,* (Mich.) 242

N. W. 789, the policy covered loss to automobiles in transportation, caused by "accidental collision of the truck with any other automobile, vehicle or object". The identical issue was raised there, as here. And on a construction of the clause in the light of the mutual intent of the parties, as evidenced by the language of the policy as a whole, recovery was affirmed for damage to an automobile in transportation caused by contact with an overhanging plank of a bridge. So also, under similar though not identical clauses, recovery was allowed for damage to an automobile in transportation in *Wheeler v. Globe & Rutgers Fire Ins. Co.*, (S. C.) 118 S. E. 609 and likewise in *Importers' & Exporters' Ins. Co. v. Jones*, (Ark.) 266 S. W. 286. On the contrary in *Mendelsohn v. Automobile Ins. Co. of Hartford*, 290 Mass. 228, 195 N. E. 104, recovery was denied for damage to chair frames, in the course of transportation, which had been piled so high on the truck as to come in contact with an overhead bridge. The provision in the policy as to the risk assumed was the same as in the instant case but the policy covered damage to "goods and merchandise" generally, and not to specific items of property identified and described in the policy. In so deciding, however, the Supreme Judicial Court of Massachusetts in its opinion emphasized the fact that the record disclosed little of the circumstances under which the policy was issued and held that: "The fact that the plaintiff would always have complete control of the manner in which the truck should be loaded and of the height and width of the loads to be placed thereon has some tendency to explain the limitation of liability to a collision of the truck itself distinguished from its load". In *Barish-Sanders Motor Co. v. Fireman's Fund Ins. Co.*, (Neb.) 278 N. W. 374, four automobiles, in transit on a truck, collided with an overpass. In addition to a provision of the policy similar to that in the instant case, the printed form of the "Transportation Floater" policy, there in question, covered damage from "collision of the load

with any object". But this provision had been stricken out of the printed form in the policy before delivery, clearly indicating that such damage, though contemplated by the parties, was eliminated from the coverage by mutual assent. Under that policy the elimination of that provision left damage to the load from "Accidental collision of the vehicle with any other vehicle or object . . ." as the only risk assumed. There may be other cases in which recovery was denied, under a similar clause of an insurance contract, but we have not found them. Obviously the *Mendelsohn* and the *Barish-Sanders Motor Co.* cases, supra, are distinguished from the present appeal on facts which justified denial of recovery in each of them.

To say that there can be no recovery for damage to an item of property in transportation, of such bulk as to protect the conveyance from collision, under the terms of the present policy, is to admit that plaintiff paid for protection contemplated by the parties, which it did not get.

Judgment affirmed.