## Frost v. Allstate Insurance Company

*John E. V. Pieski,* for plaintiffs.
*William J. McDonald,* for defendant.

CONABOY, J., September 26, 1969.—The above action in assumpsit was heard by the court without a jury, by agreement of the parties, under the provisions of the Act of April 22, 1874, P. L. 109, 12 PS §688 and Pennsylvania Rule of Civil Procedure 1048.

Plaintiffs in this action were insured by defendant

company, under what is commonly referred to as a homeowner's insurance policy.

The policy provided, among other things, under coverage C,

"2. Away from premises: This policy also covers unscheduled personal property as described and limited, while elsewhere than on the premises, anywhere in the world, owned, worn or used by an insured."

The policy went on to describe the perils against which the property was insured, as follows:

"This policy insures under Section 1 against direct loss to the property covered . . . by the following perils as defined and limited herein . . . 8. Vehicles."

Plaintiffs, on June 16, 1968, were transporting their furniture in a vehicle from the State of New Jersey to their residence in Dickson City, Lackawanna County, Pa. In the course of said transportation, part of the furniture on the vehicle struck a viaduct, and the rest of the furniture was crushed against the side of the vehicle. It was stipulated that the damages suffered by plaintiffs amounted to $1,000. The question submitted to the court is whether or not the damage to plaintiffs' property arose from a risk assumed under the terms as the policy set out herein.

It is defendant's contention that the damage to plaintiffs' property was not caused by the vehicle as defined in the policy, but was caused by the property striking the low bridge, as aforementioned, in the Borough of Dickson City.

It is plaintiffs' contention that the property was damaged in the course of the operation of the vehicle and, therefore, that the risk was covered.

It is the finding of this court that the provisions of the policy involved should be given a reasonable interpretation. The only reasonable interpretation, in

this instance, is that the proximate cause of the damage to the furniture was the operation of the vehicle. (It is impossible to imagine how the furniture could come in contact with the viaduct other than in the course of transportation by the vehicle.) It is true that the language in an insurance policy, or in any contract, should not be extended beyond its clear meaning, but in an instance such as the one before the court, construction should not be so narrow as to obviously negate the intention of the parties to the contract: Bucks County Construction Company, Inc. v. Alliance Insurance Co., 162 Pa. Superior Ct. 153 (1948), and cases cited therein.

In view of the foregoing, it is the finding of this court that the damage to plaintiffs' property resulted from a risk covered under the terms of plaintiffs' policy with defendant company and that plaintiffs are entitled to recover the damages sought.

Now, therefore, September 26, 1969, the court finds in favor of plaintiffs, Robert F. Frost and Ann Marie Frost, and against defendant, Allstate Insurance Company, in the amount of $1,000.