OWEN, Chief Judge.
Appellant, the insured under a scheduled property floater insurance policy, sought damages against the insurer for an alleged loss under the policy. On undisputed facts, the court determined that there was no coverage afforded appellant for the loss, and entered summary final judgment in favor of the insurer.
Appellee had issued to appellant a scheduled property floater insurance policy. Within the policy period, appellant acquired a Bantam C-450 Hydraulic Backhoe, which equipment was added to the scheduled property by virtue of the “New Acquisitions” provision. Upon acquiring the backhoe, appellant loaded and positioned it upon a lowboy trailer and was towing the trailer along a major highway when the backhoe collided with a bridge abutment, sustaining damage to the extent of $18,300.00. Neither the tractor nor lowboy trailer collided with the bridge.
In the suit on the policy seeking damages for loss to the property, the insurer denied that the policy provided coverage. The pleadings and admissions established the facts as above set forth, and the parties agreed that the loss, if covered at all, would be under the provisions of Paragraph 1 (h) of the policy which provided as follows:
“1. THIS POLICY INSURES AGAINST DIRECT LOSS OR DAMAGE BY:
(h) Collision, Derailment or Overturning of land conveyances while the insured property is being transported thereon. A coming together of railroad cars during coupling shall not be deemed a collision within the meaning of this Policy.”
In entering summary judgment for the defendant-insurer, the court determined that coverage was not applicable in the absence of collision, derailment or overturning of a land conveyance transporting the insured property. We agree and affirm.
Appellant contends that the above-quoted policy language is ambiguous and must be construed most favorably to the insured; that the insuring agreement should be read so as to provide coverage for (1) direct loss or damage by collision and (2) direct loss or damage by derailment or overturning of land conveyances while the insured property is being transported thereon. We find no ambiguity and hence no need for construction. Rigel v. National Casualty Co., Fla.1954, 76 So.2d 285. As written, the policy insures against direct loss or damage by (1) collision [of land conveyances while the insured property is being transported thereon], (2) derailment [of land conveyances while the insured property is being transported thereon] or (3) overturning of land conveyances while the insured property is being transported thereon.
Appellant argues, not without some logic, that because none of the equipment on the schedule is of the type that can properly be moved upon a public highway, the policy would necessarily contemplate that the equipment be transported from one place to another by a land conveyance and while being thus transported, because of its bulk, the entire rig becomes a vehicle so that it should make no difference whether a fend- *704 er of the tractor hit the bridge or whether a part of the backhoe hit the bridge. Substantially this view was expressed in the case of Bucks County Const. Co. v. Alliance Ins. Co. of Philadelphia, 1948, 162 Pa.Super. 153, 56 A.2d 338, in a suit involving an identical policy provision. However, the court there stated it was giving the policy that construction notwithstanding the clear meaning of the words in the policy. In several cases in other jurisdictions involving similar policy provisions, it has been held (as we hold here) that coverage was not applicable to a loss occurring to the scheduled property where the transporting vehicle itself was not involved in the collision. See, Mendelsohn v. Automobile Ins. Co. of Hartford, Conn., 1935, 290 Mass. 228, 195 N.E. 104; Barish-Sanders Motor Co. v. Fireman’s Fund Ins. Co., 1938, 134 Neb. 188, 278 N.W. 374; Velotta v. Western Fire Ins. Co., La.App.1960, 121 So.2d 857.
Affirmed.
CROSS, J., and SHOLTS, THOMAS E., Associate Judge, concur.