WESTERN CASUALTY AND SURETY COMPANY, a Kansas Corporation, Plaintiff-Appellant,

v.

D & J ENTERPRISES, INC., a Missouri Corporation, et al., Defendants-Respondents.

No. 68011.

Supreme Court of Missouri, En Banc.

Dec. 16, 1986.

Edward W. Mullen, Gary M. Cupples, Kansas City, for Western Cas. & Sur. Co.

Thomas H. Stahl, Kristin L. Farnen, Gladstone, for Garney Co., Inc.

James A. Rahm, Carrollton, Laurence R. Tucker, Marvin Ray Motley, Kansas City, for D & J Enterprises.

DONNELLY, Judge.

Appellant, Western Casualty and Surety Company, filed a suit for declaratory judgment to determine whether a loss sustained by its insured, D & J Enterprises, was covered by one of its policies. The trial court found that the loss was covered by the policy. The Western District of the Court of Appeals reversed and remanded with direction to enter judgment in favor of Western Casualty. The cause was transferred here by order of this Court and is decided here "the same as on original appeal." Mo. Const. art. V, § 10.

In December 1980, an employee of D & J was driving a truck owned by D & J and was pulling a leased trailer. D & J was being paid by Garney Company to haul a bulldozer leased by Garney from another company. During the haul, the driver drove under an overpass that had a clearance that was insufficient to allow the bulldozer to go through. The bulldozer struck the overpass, causing three log chains to break and a part of the bulldozer to drop, thereby damaging the trailer. Also, several bolts that were used to attach the fifth wheel on the tractor were sheared off.

The issue is whether such circumstances constitute a "collision" under the policy. An attachment to the policy states:

THIS POLICY INSURES:

The insured's Liability for Loss of or Damage to Property Insured Hereunder Directly Caused by:

\* \* \* \* \* \*

(b) collision, i.e., accidental collision of the vehicle with any other vehicle or object (the striking of curbing or any portion of the roadbed or the striking of rails or ties of street, steam or electric railroads, or contact with any stationary object in backing for loading or unloading purposes, or the coming together of trucks and trailers during coupling or uncoupling, shall not be deemed a collision);

Appellant contends that the unambiguous language of the policy shows that the loss was not covered because the damage did not result from the vehicle colliding with the overpass, but rather resulted from the cargo colliding with the overpass. Respondent argues that the language is ambiguous and that an initial impact with the cargo is sufficient to come within the policy definition of "collision."

If ambiguous, "an insurance contract reasonably susceptible of any interpretation favorable to the insured will be so construed \* \* \*." *Bellamy v. Pacific Mutual Life Insurance Company*, 651 S.W.2d 490, 495 (Mo. banc 1983). On the other hand, "[i]f we say that language becomes ambiguous because some one concludes it is ambiguous or some other concludes it is ambiguous, we save ourselves much labor, but we have applied a test that scarcely will stand examination. Unless we can point out in language we are considering wherein it has a double meaning, we are not justified in saying it is ambiguous. \* \* \*." *Orr v. Mutual Life Ins. Co. of New York*, 57 F.2d 901, 903 (W.D.Mo.1932).

In our view, the language "collision of the *vehicle* with any other vehicle or object" does not have a double meaning and

we are not justified in saying it is ambiguous. *See Wolverine Insurance Co. v. Jack Jordan, Inc.*, 213 Ga. 299, 99 S.E.2d 95 (1957); *Birmingham Fire Ins. Co. of Pa. v. Newsom Truck Lines*, 390 S.W.2d 537 (Tex.App.1965); and *Trinity Universal Insurance Co. v. Robert P. Stapp, Inc.*, 278 Ala. 209, 177 So.2d 102 (1965).

The judgment is reversed and the cause is remanded with directions to enter judgment for Western Casualty and Surety Company.

BILLINGS, WELLIVER and ROBERTSON, JJ., concur.

RENDLEN, J., concurs in result.

BLACKMAR, J., dissents in separate opinion filed.

HIGGINS, C.J., dissents and concurs in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

I believe that the judgment of the circuit court is correct and should be affirmed.

I am confident that the insured, in seeking insurance coverage which would protect him from claims by the owners of the heavy equipment he undertook to transport, expected to be covered for casualties of the kind which happened here. The parties knew, from the character of the goods shipped, that in all probability portions of the cargo would extend above the top of the truck. A limited definition such as the company sought to impose would greatly limit the value of the insurance protection.

I am just as confident that the insurance company did not intend to cover the risk of collision in which the vehicle is not directly impacted, at least not without an additional premium. This conclusion is fortified by the numerous cases decided over the years which involve substantially similar contract language. The company is entitled to limit the risk which it will insure, if it does so by appropriate language. Because the insurance company composes the policy language, uncertainties in interpretation are resolved in the insured's favor. *Bellamy v. Pacific Mutual Life Ins. Co.*, 651 S.W.2d 490 (Mo. banc 1983).

The policy definition is not a natural definition of "collision." [1] Substantially the same language has appeared in insurance contracts for many years. Some courts have found this language clear,[2] while others have held it to be ambiguous.[3] This insurance company has perpetuated the language, without substantial change. It took no steps to clear up the confusion which numerous other courts have perceived.

The company compounded the problem by specifically appending to the definition certain occurrences which were not to be considered collisions.[4] It said that it would not insure against damages caused by running into a curb, a rail, or against collision

---

**1.** Webster's Third New International Dictionary (3rd ed. 1981) defines collision as "the action or an instance of colliding, violent encounter, or forceful striking together typically by accident and so as to harm or impede."

**2.** *Mendelsohn v. Automobile Ins. Co.*, 290 Mass. 228, 195 N.E. 104 (1935); *Barish-Sanders Motor Co. v. Fireman's Fund Ins. Co.*, 134 Neb. 188, 278 N.W. 374 (1938); *Hamilton Trucking Service, Inc. v. Automobile Ins. Co.*, 39 Wash.2d 688, 237 P.2d 781 (1951).

**3.** *Gould Morris Electric Co. v. Atlantic Fire Insurance Co.*, 229 N.C. 518, 50 S.E.2d 295 (1948); *Edgerton & Sons, Inc. v. Minneapolis Fire &*

*Marine Ins. Co.*, 142 Conn. 669, 116 A.2d 514 (1955). *See also C & J Commercial Driveway, Inc. v. Fidelity & Guaranty Fire Corp.*, 258 Mich. 624, 242 N.W. 789 (1932); *Bucks County Const. Co. v. Alliance Ins. Co.*, 162 Pa.Super. 153, 56 A.2d 338 (1948); *Garford Trucking, Inc. v. Alliance Ins. Co.*, 98 F.Supp. 781 (1951), *aff'd* 195 F.2d 381 (2nd Cir.1952).

**4.** "The striking of curbing or any portion of the roadbed or the striking of rails or ties of street, steam or electric railroads, or contact with any stationary object in backing for loading or unloading purposes, or the coming together of trucks and trailers during coupling or uncoupling, shall not be deemed a collision."

resulting from backing. It did not say that it did not cover a collision of the cargo, while attached to a vehicle, when the body of the vehicle is not impacted.

The company, by perpetuating a questionable definition, and by not setting out the specific exclusion relied on here when it listed other exclusions, led the insured to believe that the event giving rise to this litigation was within the collision coverage. The language was ambiguous because its import was confusing. In most cases in which we have found ambiguity the insurer could point to language which, read alone by an English teacher or a Philadelphia lawyer, clearly supported its position.[5] In determining whether there is ambiguity the overall impact must be considered.

The insurer points to the application in which it is stated, in capital letters, at the bottom of the page below the insured's signature:

OPTIONAL PERILS SUCH AS LOADING AND UNLOADING AND DIRECT COLLISION OF THE CARGO, WILL BE CONSIDERED SUBJECT TO DEDUCTIBLE OR CONTRIBUTORY CLAUSE AT INCREASED RATES SUBJECT TO SPECIFIC NEGOTIATION AND HOME OFFICE APPROVAL.

This language might alert a sophisticated reader to a possible limitation of coverage, but it does little to dispel the confusing situation just described. The same is true of the broker's letter transmitting the initial policy, which was issued in 1978 and renewed annually without additional documents, in which she calls the insured's attention to the policy definition of "collision".

I believe that the insurer has not taken reasonable steps to dispel the confusion in the definition, and that the insured and the beneficiaries of the coverage should not stand to lose thereby. I would affirm the judgment.

5. *Behr v. Blue Cross Hosp. Service, Inc.,* 715 S.W.2d 251 (Mo. banc 1986); *Lutsky v. Blue Cross Hosp. Service, Inc.,* 695 S.W.2d 870 (Mo. banc 1985); *Royal Indem. Co. v. Shull,* 665 S.W.2d 345 (Mo. banc 1984); *Weathers v. Royal Indem. Co.,* 577 S.W.2d 623 (Mo. banc 1979).