LEOPOLD FREIBERGER, Respondent, *v.* GLOBE INDEMNITY COMPANY, Appellant.

First Department, April 20, 1923.

Insurance — automobile indemnity insurance against damage from collision — Insurance Law, § 70, subds. 9 and 11, do not prohibit insurance against damage resulting from operation of elevator — automobile suffers damage from " collision " where elevator in garage on which it is placed falls.

An insurance company is not prohibited by subdivision 9 of section 70 of the Insurance Law from insuring an automobile against damage resulting from the operation of an elevator on which the automobile may be placed, since subdivision 11 of the same section permits insurance against damage to any property resulting from the operation, maintenance or use of elevators.

An automobile is injured by " collision " within the meaning of a policy of insurance purporting to indemnify the owner against loss by reason of damage

to his automobile " caused solely by accidental collision with another object either moving or stationary," where the damage complained of was caused by the fall of an elevator on which the automobile was being lowered from one floor to another in a garage.

APPEAL by the defendant, Globe Indemnity Company, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 25th day of October, 1922, affirming a judgment of the City Court of the City of New York in favor of the plaintiff.

*Robert M. McCormick* [*F. A. W. Ireland* of counsel], for the appellant.

*Miller & Wessel* [*Harry N. Wessel* of counsel], for the respondent.

McAvoy, J.:

The action was brought to recover the amount of damage caused to the plaintiff's automobile by the fall of an elevator on which it was being lowered. The defendant had issued to the plaintiff a policy of insurance in which it agreed to indemnify the plaintiff against loss by reason of damage to his automobile caused solely by accidental collision with another object either moving or stationary.

The case was originally heard at a Trial Term of the City Court of the City of New York, and upon the plaintiff's motion a verdict was directed in his favor in the sum of $1,492.95. The ground of this appeal is that there was no proof that the damage to the plaintiff's automobile was caused by collision of the automobile with another object, within the meaning of the policy of insurance.

The plaintiff drove his car upon the elevator at the fourth floor of the garage. The lifting cable of the elevator broke, the elevator fell from the second floor into the elevator pit, and the car was damaged.

The provision of the policy is as follows: " The company does hereby agree to indemnify the assured against loss by reason of damage to or destruction of any automobile to which the said policy applies, including the operating equipment while attached thereto if caused solely by accidental collision with another object either moving or stationary."

The question here is wholly one at law. Each side moved for a direction of a verdict in its favor. The amount of damage and the facts of the occurrence are conceded. Can it be found that the damages were caused " solely by accidental collision with another object? " The point in the argument of the defendant that the inhibition of subdivision 9 of section 70 of the Insurance Law (as amd. by Laws of 1921, chap. 408), restricting insurance of

automobiles while being transported in any conveyance by land or water, would make a contract *ultra vires* which gave indemnity for damage while the automobile was being carried on an elevator, is not tenable since subdivision 11 of the same section (added by Laws of 1914, chap. 204, as amd. by Laws of 1921, chap. 408)* permits casualty corporations to insure against damage to any property resulting from the operation, maintenance or use of elevators, thus indicating a legislative exclusion of elevators as tran ports for conveyance by land or water. The question must be resolved on our apprehension of the meaning of the word "collision" in the parties' intent.

A collision, narrowly interpreted, is the impact of objects — visible, tangible, concrete and real entities — through any one of such objects moving against the other. Thus in early maritime law the impact must have been, to be regarded as a marine collision, an impact of two or more vessels while being navigated. This strict rule has been much modified both in State and Federal courts in the juridical construction of the word "collision," and it may now be asserted that any striking of a vessel with any object, visible or invisible, whether a vessel or a submerged stationary or floating object other than a vessel, is a maritime collision.

Primary meanings yield to commonly and generally accepted usage in the construction of the intent of the parties to a contract, even though it be for insurance or indemnity. The fact that the striking is mediate rather than direct, is not a test of the ascription of the term. A collision or forcible striking is none the less embraced within the concept of the word because there is interposed a carrying floor of an elevator which itself strikes the bottom of a pit and communicates the force to the object carried. A standing vessel forcibly impacted by one moving so as to strike a third has collided with that third vessel in logical sequence of ideas and in common acceptance of words. If a collision may be predicated of a fall of an automobile through an open shaft to the pit, one hesitates in refusing to admit that the vehicle has collided when it falls supported on the elevator floor to the same pit. All the definitional elements of a collision are as reasonably included in the latter case as in the former. We are but ruling in line with the broad and liberal opinion of this court written by Mr. Justice DOWLING in *Carroll Towing Co., Inc.,* v. *Ætna Ins. Co.* (203 App. Div. 430), where he points out for the court this rule: " Nor is any injustice done by the acceptance of the broader meaning attached to the word ' collision ' than is given in other jurisdic-

* Since amd. by Laws of 1922, chap. 659.— [REP.

tions.   *   *   *   The courts of this State had accepted the broader meaning of the word.   The defendant had excepted from its general liability any injury or breakage of machinery unless caused by collision.   If it desired to be absolved from damage caused by 'allision' or if it was to be held for loss sustained through 'collision' only in its strictest and most limited sense, it was within its province to tender a policy so drawn.   Certainly the meticulous care with which the policy is drawn shows that sufficient consideration was given to the terms employed.   There is no hardship involved in giving the word 'collision' its ordinary and generally accepted meaning, especially in view of the declaration of the Court of Appeals that it now has such meaning by common usage."

We think it must be found that the damage was caused by a collision within the meaning of the policy.

The determination should be affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Determination affirmed, with costs.