MAGGIE LEE INMAN *v.* LIFE & CASUALTY INS. CO.

(*Nashville*, December Term, 1931.)

Opinion filed February, 1932.

M. P. ESTES, for plaintiff in error.

W. C. CHERRY and JACK NORMAN, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Insurance Company appeals from a judgment for $1000 on a policy contract and insists that on the facts shown by the stipulation in the record there is no liability. Plaintiff is the beneficiary under a limited accident policy on the life of her deceased husband, William E. Inman. He was an employee of a Nashville Furniture house and at the time of the accident which resulted in his death he was aiding in the delivery of a truck load of furniture. The truck was being driven by another employee who was riding on the driver's seat in a closed cab. A third employee called Inman's attention to an article of furniture which appeared to be slipping and he got on a box, or trunk, to adjust or hold the article. The truck was moving at not more than fifteen or eighteen miles an hour, and as it passed through an underpass of the Tennessee Central Railroad Inman's head, being above the level of the furniture load, struck an iron girder of the underpass and he was knocked from the truck and instantly killed. Neither the truck nor the furniture with which it was loaded collided or came in contact with the underpass and there was no injury to the truck. It is, of course, conceded that the deceased met his death by accident, but it is insisted that the accident which he suffered was not within the terms of this policy which carries a weekly premium of five cents only with

an accidental death benefit of $1000 and which is limited as to liability as follows:

"The Life & Casualty Ins. Company of Tennessee hereby insures the person named in said schedule against the result of bodily injuries received during the time this policy is in force, and effected solely by external, violent and accidental means strictly in the manner hereafter stated, subject to all the provisions and limitations hereinafter contained, as follows:

If the insured shall be struck by a vehicle which is being propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power, while Insured is walking or standing on a public highway, which term, Public Highway, as here used shall not be construed to include any portion of railroad or interurban yards, station grounds, or right of way except where crossed by a thoroughfare dedicated to and used by the public for automobile or horse vehicle traffic:

Or if the Insured shall by the collision of or by any accident to any railroad passenger car, passenger steamship, public omnibus, street railway car, taxicab or automobile, stage or bus, which is being driven or operated at the time by a person regularly employed for that purpose, and in which such Insured is traveling as a fare paying passenger or on which he is lawfully riding on a pass; or by the collision of or by any accident to any private horse drawn vehicle or private motor driven automobile in which Insured is riding or driving; or shall by any accident to any passenger elevator in which Insured is riding as a passenger; provided that in all cases referred to in this paragraph there shall be some external or visible evidence on said vehicle of the collision or accident—

Suffer any of the specific losses set forth below, the company will 'pay to the Insured or to the executors or administrators of the Insured the sum set opposite such loss, or shall pay such sums to the beneficiary named herein.''

Here follows a schedule of the amount that will be paid for loss of life, the feet, hands or eyes.

█ If this particular accident is within the provisions of the policy at all it is covered by the clause reading, ''or by the collision of or by any accident to any private horse drawn vehicle or private motor driven automobile in which Insured is riding or driving.'' More specifically he must have suffered the loss by the collision of or by an accident to the automobile in which he was riding. It is insisted for the Company that the stipulated facts show that there was no collision of or accident to the automobile in which the deceased was riding; that it plainly appears from all of the provisions when taken together, as well as from the particular clause relied on to establish liability, that the peril intended to be protected against is that incident only to a possible collision or accident to the conveyance, and not to an accidental injury which the insured may suffer independently; that an injury suffered while boarding or alighting from a train or bus or other automobile, or when falling or being knocked from a moving vehicle, is not intended to be covered by this expressly limited policy carrying a small premium. To this contention we are constrained to agree.

It is well recognized that the risk of injury to a passenger in or on the class of vehicles enumerated, as the result of a collision or accident to the vehicle, is statistically shown to be limited, and we think the language of the

policy clearly shows that it was this limited risk only which was intended to be covered.

We do not overlook the rule that ambiguous language in an insurance contract is to be construed most favorably to the insured. But where the language is free from reasonable doubt it is the obligation of the Court to give effect to the contract as written. The controlling rule is thus stated in *Seay* v. *Georgia Life Ins. Co.*, 132 Tenn., 676:

"Complainant invokes the familiar rule that an insurance contract prepared by the company, when doubtful or ambiguous in its terms, will always be construed in favor of the assured, and maintains that the policy should be construed to cover acts performed under general directions or instructions of the assured, or, in other words, as protecting the assured against his assistant acting in the scope of the latter's employment.

"We recognize the rule of construction relied on, but we must also bear in mind that 'policies of insurance should be construed, like other contracts, so as to give effect to the intention and express language of the parties.' 15 Cyc., 1037; *Travelers' Insurance Company* v. *Myers*, 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760; *Ward* v. *Maryland Casualty Co.*, 71 N. H., 262, 51 Atl., 900, 93 Am. St. Rep., 514."

The theory of the plaintiff is thus stated:

"Was the deceased a part of the truck on which he was riding within the meaning of the policy? The peril that was insured against by this deceased, whose business was working upon a truck in the moving of furniture, was being hurt by being hit while riding on the truck."

We are unable to agree that the deceased was "a part of the truck" in such sense that the collision or ac-

cident which he personally suffered was a collision of or accident to the truck. Nor does it follow that liability attached because he was "hurt by being hit while riding on the truck." This construction would give rise to liability under circumstances wholly independent of the conditions plainly set forth in the policy. So long as the vehicle travels safely no liability attaches under this contract. A distinction is drawn and must be given application between (1) an injury resulting from an accident to the vehicle, and, (2) an injury resulting from an accident to the passenger independently of an accident to the vehicle.

The judgment must be reversed and the suit dismissed.