C. & J. COMMERCIAL DRIVEWAY, INC., v. FIDELITY & GUARANTY FIRE CORP.

1. INSURANCE—CONSTRUCTION OF POLICY—EFFECT TO BE GIVEN AS PARTIES MUTUALLY UNDERSTOOD.

Policy should be given effect according to sense in which parties mutually understood it when it was made, such mutual intention to be deduced, if possible, from language of contract alone.

2. SAME—AMBIGUITY—DOUBTFUL MEANING.

Where object of policy was to cover load in transit on truck, but not truck itself, wording in policy that it insured against "accidental collision of truck with any other automobile, vehicle, or object" is of doubtful meaning, in view of object of policy, requiring construction as to whether it was intended to cover damage to load resulting from collision with some object without truck being in collision or damaged.

On construction of insurance policy covering damage to automobile by accident or collision, see annotation in 14 A. L. R. 188; 26 A. L. R. 429; 30 A. L. R. 806; 35 A. L. R. 1031; 40 A. L. R. 999; 42 A. L. R. 1130; 54 A. L. R. 1445.

3. SAME—POLICY TO BE CONSTRUED MOST FAVORABLE TO INSURED CONSISTENT WITH PURPOSE.

In construing policy, court must adopt that construction which is most favorable to insured and most consistent with purpose for which policy was issued.

4. SAME—WORDING OF POLICY CONSTRUED.

Where policy insured automobiles in transit on truck, but truck itself was not owned by insured or covered by policy, wording of policy insuring against "accidental collision of truck with any other automobile, vehicle, or object," being of doubtful meaning, is construed to include automobile which came into collision with overhead bridge, although truck itself, on which damaged automobile was loaded, was not in collision or damaged.

Appeal from Ingham; Carr (Leland W.), J. Submitted April 19, 1932. (Docket No. 149, Calendar No. 36,300.) Decided June 6, 1932.

Assumpsit by C. & J. Commercial Driveway, Inc., a Michigan corporation, against Fidelity & Guaranty Fire Corporation, a Maryland corporation, on an insurance policy covering automobiles in transit. Judgment for plaintiff. Defendant appeals. Affirmed.

*Shields, Silsbee, Ballard & Jennings (Harris E. Thomas,* of counsel), for plaintiff.

*Smith, Searl & Strawhecker,* for defendant.

McDONALD, J. This is an action on an insurance policy to recover loss from injury to an automobile while it was being transported on a truck from Lansing, Michigan, to Nashville, Tennessee.

The truck was one of a number rented by the plaintiff for that purpose. It was loaded in the usual way with the front end of the forward automobile elevated above and at the rear of the cab. While the

truck was passing over an old-fashioned, wooden, covered bridge near Bardstown, Kentucky, the front end of the forward automobile came in contact with an overhanging plank and was damaged. When requested to make good the loss, the defendant company denied liability on the ground that it was not covered by the policy. Hence this suit.

The issue involved the construction of a clause in the policy relative to an "accidental collision of the truck with any other automobile, vehicle or object." The truck proper did not come in contact with the bridge, but the plaintiff contended that a collision between the load on the truck and the bridge was a collision with the truck within the meaning of the policy. The defendant contended that by the clear and plainly expressed language of the policy its liability was limited to a collision of the truck itself with some other object. The trial court accepted the plaintiff's construction and entered a judgment in its favor for the full amount of the loss. The defendant has appealed.

On the face of the policy it is stated:

"Property Insured.

"All lawful goods and merchandise consisting principally of automobiles, the property of the assured, or of others for which the assured may be legally liable as carriers, while loaded for shipment on and/or in ordinary course of transit in or on the following described automobile trucks owned and operated by the assured within the limits of the United States and Canada.

"This insurance covers from the time the merchandise is loaded in or on such motor-truck or trucks until unloaded therefrom. * * *

"INDORSEMENT.

"It is hereby understood and agreed that this policy is hereby extended to cover against loss by theft of an entire car, but under no circumstances shall this policy be construed to cover pilferage.

"This policy also covers all loss or damage through loading and unloading."

On the back of the policy in fair type is printed the following:

"THIS POLICY INSURES

"Loss or damage caused by

"(a)  Fire and lightning, including self ignition of the conveyance.

"(b)  Flood.

"(c)  Cyclone, tornado, earthquake, and explosion.

"(d)  Accidental collision of the truck with any other automobile, vehicle or object (excluding any loss or damage caused by coming in contact with any portion of the roadbed or by striking rails or ties of street, steam or electric railroad, or any loss or damage caused by coming in contact with any stationary object in backing for loading or unloading purposes).

"(e)  Overturning of truck and collapse of bridges.

"(f)  Stranding, sinking, fire or collision, including general average or salvage charges, when being transported on or in said trucks while on any regular ferry."

As we pointed out in our statement of facts, this controversy arises over an interpretation of the language of subdivision (d): "Accidental collision of the truck with any other automobile, vehicle or object."

The defendant insists that this language cannot be construed to extend liability to a collision of the

load on the truck with an object; that there is no ambiguity in the language used; that there can be no construction contrary to its plain meaning, which limits liability to a collision with the truck itself.

Standing by themselves the words are plain enough, but they must be considered in connection with all of the other language of the policy in order that it may be ascertained what meaning the parties mutually intended to give them which would be consistent with the object and purpose of the insurance.

"A policy should be given effect according to the sense in which the parties mutually understood it when it was made. * * * Such mutual intention is to be deduced, if possible, from the language of the contract alone." Joyce on Law of Insurance (2d Ed.), § 209.

When considered in its entirety, it will be noted that on its face the policy insures the automobiles on the hazards of the road while they are in transit. It is doubtful whether the so-called exceptions in the subdivisions under the head, "This policy insures" are enlargements or limitations on the liability shown on the face of the policy. The first three regarding damage by fire and lightning, flood, cyclone, etc., are clearly enlargements. Whether subdivision (d) relative to collision of the truck is a limitation, presents a closer question. The truck did not belong to the plaintiff and was not insured. Whether it was intended to limit liability to damage done by collision, admits of much doubt. In *Importers' & Exporters' Ins. Co.* v. *Jones,* 166 Ark. 370 (266 S. W. 286), the body of the policy provided insurance for direct loss while the automobile was in transportation. On the back the following peril was insured against:

"While being transported in any conveyance by land or water, the stranding, sinking, collision, burning or derailment of such conveyance," etc.

As to the effect of this clause on the insurance provided in the body of the policy, the court said:

"It was manifestly their intention, by the language used, to cover all conceivable losses to the automobile while it was being transported, and they used the terms 'sinking, collision, stranding, burning and derailment' as an enumeration of the methods by which such loss or damage might occur. When the subject-matter of the insurance and the language of the policy as a whole is considered, it certainly cannot be said that it was the intention of the company to limit its liability to the appellee for a loss or damage caused only by the sinking, collision, stranding, burning and derailment of the conveyance in which the car was being transported rather than the 'sinking,' etc., of the car itself. The words 'sinking,' etc., were words of enumeration or description of the manner of loss of the car rather than a limitation of the liability to the manner of destruction of the vehicle or means of transportation. Such we believe to be the plain commonsense meaning of the contract."

This holding of the Arkansas supreme court is not in harmony with a few decisions in other jurisdictions found in 42 C. J. p. 812, but the fact that there is a conflict of opinion shows at least that language like that we are here considering is of doubtful meaning and requires construction.

In construing it, we must adopt that construction which is most favorable to the insured and most consistent with the purpose for which the policy was issued. This leads to the conclusion that the clause in the policy relative to "accidental collision of the

truck with any other automobile, vehicle or object'' fairly includes and should be construed to include collision of an automobile on the truck with any other object such as an overhanging plank in the bridge.

In this view of the policy, the plaintiff is entitled to the full amount of its loss.

The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.