## CONTINENTAL INS. CO. v. GRIFFIN.
### No. 2715.

Court of Civil Appeals of Texas. Eastland.
March 4, 1949.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellant.

McMahon, Springer & Smart, of Abilene, for appellee.

GRISSOM, Chief Justice.

Paul Griffin, a house mover, who owned house moving equipment consisting of a truck, skids and dollies, obtained an insurance policy from Continental Insurance Company insuring him against damage to houses while on his truck and in transit. The printed part of the policy provided for insurance against damage to goods and merchandise, consisting principally of "houses," while on Griffin's described motor truck and in transit. The word "houses" was typewritten into the printed form. Later printed portions of the policy recited:

"This Insurance Covers

"Within the foregoing provisions and except as hereinafter provided

"Against Loss of and/or Damage to the goods and/or merchandise by: * * *

"(d) Collision, i. e. accidental collision of the conveyance with any other vehicle or object."

This paragraph was followed by another headed, "This Insurance Does Not Cover." However, none of the exceptions in said paragraph are applicable. While said policy was in effect, Griffin was moving a house on his truck along the highway when he came to a concrete culvert through which the house would not pass. One side of the house was raised several inches in order to clear the banister of the culvert. With the house in this tilted position, Griffin's truck moved forward carrying the house and, while on the culvert, a tire on a dolly blew out causing the building to drop and strike the banister

of the culvert. The house was thereby damaged to the extent of $106.18. Most of the damage was caused by the downward motion of the building. The house struck the culvert. Neither the truck nor the trailer struck anything.

Griffin sued the insurance company in the justice court for said damage. On appeal to the county court, the facts heretofore recited were agreed upon. The county court rendered judgment for Griffin and the insurance company has appealed.

Although appellant presents several points, their substance is that since Griffin's truck did not collide with the culvert, under the terms of the policy and agreed facts, damage to the house was not covered by the policy. Appellee contends that the collision of the house on the truck with the culvert brings the case within the following provision of the policy:

"(d) · Collision, i. e. accidental collision of the conveyance with any other vehicle or object."

The policy plainly shows that it was intended to cover damage to a house while being transported on Griffin's truck. We think it was the intention of the parties to insure Griffin against damage as a result of an accidental collision of a house on the truck with any other object.

We adopt the following portion of the opinion of the Supreme Court of Michigan in C. & J. Commercial Driveway, Inc. v. Fidelity & Guaranty Fire Corp., 258 Mich. 624, 242 N.W. 789:

"The issue involved the construction of a clause in the policy relative to an 'accidental collision of the truck with any other automobile, vehicle or object.' The truck proper did not come in contact with the bridge, but the plaintiff contended that a collision between a load on the truck and the bridge was a collision with the truck within the meaning of the policy. The defendant contended that by the clear and plainly expressed language of the policy its liability was limited to a collision of the truck itself with some other object.

*     *     *     *     *     *

"Standing by themselves the words are plain enough, but they must be considered in connection with all of the other language of the policy in order that it may be ascertained what meaning the parties mutually intended to give them which would be consistent with the object and purpose of the insurance.

*     *     *     *     *     *

"In construing it, we must adopt that construction which is most favorable to the insured and most consistent with the purpose for which the policy was issued. This leads to the conclusion that the clause in the policy relative to 'accidental collision of the truck with any other . automobile, vehicle or object' fairly includes and should be construed to include collision of an automobile on the truck with any other object such as an overhanging plank in the bridge."

In Freiberger v. Globe Indemnity Co., 205 App.Div. 116, 199 N.Y.S. 310, 312, the defendant issued to plaintiff an insurance policy in which defendant agreed to indemnify plaintiff against damage to his automobile caused solely by accidental collision of his automobile with another object. Plaintiff drove his automobile upon an elevator at the fourth floor of a garage. The lifting cable of the elevator broke and the elevator fell into the elevator pit and the car was damaged. The automobile did not strike anything. The floor of the elevator, on which the automobile was riding, struck the bottom of the pit and communicated the force to the automobile. The court held there was a collision within the meaning of the policy. The court said:

"Primary meanings yield to commonly and generally accepted usage in the construction of the intent of the parties to a contract, even though it be for insurance or indemnity. The fact that the striking is mediate, rather than direct, is not a test of the ascription of the term. A collision or forcible striking is none the less embraced within the concept of the word, because there is interposed a carrying floor of an elevator, which itself strikes

the bottom of a pit and communicates the force to the object carried. A standing vessel, forcibly impacted by one moving so as to strike a third, has collided with that third vessel, in logical sequence of ideas and in common acceptance of words."

We hold that there was a collision within the quoted provision of the policy.

The judgment is affirmed.