## GARFORD TRUCKING, Inc. v. ALLIANCE INS. CO. OF PHILADELPHIA.

United States District Court
S. D. New York.

Aug. 9, 1951.

Mendes & Mount, New York City, for plaintiff. Charles R. Millett, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant. John L. Conners, New York City, of counsel.

WEINFELD, District Judge.

In this action between insured and insurer both parties move for summary judgment. The basic facts are not in dispute and both parties agree that the motions present a single question of law, whether the loss which occurred is within the policy coverage.

The policy which was issued to plaintiff, a common carrier, is denominated a "Motor Truck Merchandise Floater" and covered the assured's liability as carrier or bailee for loss or damage "from perils hereinafter specified to shipments of lawful goods and merchandise * * * in transit in or on the hereinafter described vehicles * * *." The specified peril applicable herein is:

"6. d. Collision of vehicle, overturning or other accident to the conveyance."

On February 23rd, 1949, the plaintiff was transporting a turbine on one of its trucks, which was so loaded that the top of the turbine extended above the top of the truck. During the trip the top of the turbine came into contact with an overhead bridge on a highway near Trenton, New Jersey, resulting in damage to the turbine. No part of the motor truck came into contact with the bridge nor was the truck itself damaged.

The sole question is whether the contact of the turbine with the bridge, without contact between the vehicle upon which the turbine was being conveyed and the bridge, and without damage to the vehicle itself, was a collision of the vehicle or other accident to the conveyance within the policy.

The defendant's position is, that under a literal construction of the policy, since the motor truck itself did not collide with the bridge, there is no coverage. The substance of its contention is that liability arises only if there is contact of the truck itself with any object, whereas if the point of contact is an object being conveyed on the truck, it is free of liability. There are authorities generally tending to uphold this strict and literal interpretation. E. g. Mendelsohn v. Automobile Insurance Company of Hartford, 290 Mass. 228, 195 N.E. 104; Barish-Sanders Motor Co. v. Fireman's Fund Ins. Co., 134 Neb. 188, 278 N. W. 374; Inman v. Life & Casualty Ins. Co., 164 Tenn. 12, 45 S.W.2d 1073; Myers v. Continental Insurance Company of the City of New York, 72 Pa. Dist. & Co. 77; Brown v. Life & Casualty Ins. Co. of Tennessee, La.App., 146 So. 332.

In the Court's opinion, however, this view rests on too narrow a reading of the

policy and fails adequately to take into account the real purpose of the insurance. The policy was issued to the assured to cover its legal liability as a carrier or bailee from the "perils * * * specified to shipments of lawful goods and merchandise * * * in transit in or on the * * described vehicles * * *." If this purpose can be given effect without extending the policy coverage beyond the fair meaning of the language used, we should do so.

In the instant case the clause "or other accident to the conveyance" after the prior reference to "collision of vehicle" justifies the conclusion that objects being conveyed upon the vehicle were intended as part of "the conveyance." The change from the word "vehicle" and the use of "conveyance" implies a broader rather than limited coverage. Had the parties ·intended to restrict liability exclusively to perils of "collision of vehicle" it would seem that the clause should have read, "collision of vehicle, overturning or other accident to the vehicle." Treating the turbine as part of the conveyance in the circumstances of this case does not extend the language of the policy beyond permissible limits or contrary to the intention of the parties. There is authority for so holding. Jorgenson v. Girard Fire & Marine Ins. Co., 229 Minn. 48, 38 N.W.2d 209; C. & J. Commercial Driveway, Inc., v. Fidelity & Guaranty Fire Corp., 258 Mich. 624, 242 N.W. 789; Bucks County Construction Co. v. Alliance Ins. Co., 162 Pa.Super. 153, 56 A.2d 338; Gould Morris Electrical Co. v. Atlantic Fire Ins. Co., 229 N.C. 518, 50 S.E.2d 295; Continental Ins. Co. v. Griffin, Tex.Civ. App., 218 S.W.2d 350. While the facts in Freiberger v. Globe Indemnity Co., 205 App.Div. 116, 199 N.Y.S. 310, are somewhat different, the reasoning of the court there fortifies the foregoing result.

Since the question is discussed at length in the cases cited there is no need for detailed treatment here nor would it be useful to attempt to distinguish or reconcile the cases or to comment on the variances of the particular coverage clauses in the cases, for it must be recognized frankly that, whatever minor differences may be found in them, basically the authorities are in conflict. The conflict springs from the underlying divergence of view. Faced with this conflict and in the absence of controlling authority either in New Jersey, where the accident occurred and the policy was issued, or in this jurisdiction, the Court needs must choose the line which commends itself to its judgment.

In the Court's opinion the imposition of liability on the defendant gives the plaintiff the insurance protection it sought and which it had reason to believe the defendant intended to give to it and the denial of recovery would defeat the intention of the parties.

Accordingly, the defendant's motion is denied and the plaintiff's cross-motion for summary judgment granted.

Settle order on notice.