## GARFORD TRUCKING, Inc. v. ALLIANCE INS. CO. OF PHILADELPHIA.

### No. 156, Docket 22189.

United States Court of Appeals
Second Circuit.

Argued Feb. 8, 1952.

Decided April 2, 1952.

Bigham, Englar, Jones & Houston, New York City, for appellant, John M. Aherne and John L. Conners, New York City, of counsel.

Mendes & Mount, New York City, for appellee, Charles R. Millett, New York City, of counsel.

Before SWAN, Chief Judge, and L. HAND and CLARK, Circuit Judges.

SWAN, Chief Judge.

This is an action on a policy of insurance covering "the legal liability of the Assured as a carrier * * * for loss or damage from perils hereinafter specified to shipments of lawful goods and merchandise * * * in transit in or on" trucks of the Assured between points in the United States or Canada. Federal jurisdiction rests on diversity of citizenship. Upon the conceded facts each party moved for summary judgment. The plaintiff's motion was granted, D.C., 98 F.Supp. 781, and the defendant has appealed.

The question presented involves the interpretation of the following paragraph of the contract of insurance:

"6. This insurance covers, irrespective of percentage, all loss, damage or expenses caused by or resulting from the following enumerated perils from the time the property insured hereunder comes into the custody of and is at the risk of the Assured continuing until said property is delivered to consignee at destination: * * *"

There follow eight "perils" clauses, the one relied upon by the plaintiff being

"d. Collision of vehicle, overturning or other accident to the conveyance;"

Specifically the question is the applicability of the above-quoted clause "d" to the conceded facts.

The plaintiff, a common carrier by motor vehicle, accepted a turbine for transportation from Trenton, New Jersey, to Boston, Massachusetts, and issued its uniform

straight bill of lading to the shipper. The top of the turbine extended above the top of the truck on which it was being carried and during the transportation came into contact with an overhead bridge, spanning a highway near Trenton. No part of the truck struck the bridge nor was the truck damaged in any way, but the turbine sustained damage; and in discharging its legal liability as common carrier the plaintiff was obligated to pay, and paid, the sum of $3,766.

In seeking the meaning of clause 6d our first task is to define the word "conveyance." Some of the modern dictionaries define the word to mean the act of transporting as well as the means by which transportation is effected. But in its context we think "conveyance" is used merely as a synonym for vehicle. If it meant the act of transporting, "collision of vehicle" would be an unnecessary specification, and "overturning" a wholly inappropriate word to inject into the final clause. However, "other accident to the conveyance" (meaning vehicle) must have been intended to add something to "collision" and "overturning." We must ask ourselves whether the phrase in its ordinary meaning would cover a situation in which the load struck a bridge and incidentally no doubt brought the truck to a stop by the force of the contact. The truck driver might well describe what had happened as an "accident" to his truck, though we doubt if he would say that his truck had had a collision. If the force of the contact between the turbine and the bridge had caused injury to the truck, however slight, the case would plainly fall within the phrase "other accident to the vehicle." Cf. Freiberger v. Globe Indemnity Co., 205 App.Div. 116, 199 N.Y.S. 310. Even though the truck sustained no injury whatever, we regard it as extremely unlikely that the parties would have desired to differentiate the two cases had they been foreseen. Why should they? The insurance does not cover injury to the truck but only the carrier's liability for damage to the cargo. That liability is the same whether or not the truck was injured by the force that damaged its cargo. We believe it reasonable to construe the policy to cover this peril whether or not the truck sustains damage. Finally, we think the situation one within the doctrine *contra proferentem* which applies with especial force to insurance contracts. See Clott v. Prudential Ins. Co., 114 N.J.L. 18, 175 A. 203, 205, affirmed, 115 N.J.L. 114, 178 A. 747; 3 Corbin, Contracts § 559.

Turning to the authorities, it is conceded that New Jersey law is controlling but no similar case seems to have been decided there. In other jurisdictions, several insurance cases have arisen concerning injury to the load with no damage to the truck. Some allow recovery; others deny it. They are about evenly divided. None of those denying recovery is precisely in point because the policy sued on was limited to collisions, etc., and did not contain the clause "other accident to the conveyance" upon which we have relied. The cases which have allowed recovery are *a fortiori* authorities in favor of the case at bar because they also were limited to "collision" perils.[1]

Judgment affirmed.

1. Cases in which the insured recovered: C. & J. Commercial Driveway, Inc., v. Fidelity & Guaranty Fire Corp., 258 Mich. 624, 242 N.W. 789; Bucks County Construction Co. v. Alliance Insurance Co., 162 Pa.Super. 153, 56 A.2d 338; Gould Morris Electric Co. v. Atlantic Fire Ins. Co., 229 N.C. 518, 50 S.E.2d 295; Jorgenson v. Girard Fire and Marine Insurance Co., 229 Minn. 48, 38 N.W.2d 209; Continental Ins. Co. v. Griffin, Tex. Civ.App., 218 S.W.2d 350. Cases in which the insured did not recover: Mendelsohn v. Automobile Ins. Co., 290 Mass. 228, 195 N.E. 104; Hamilton Trucking Service, Inc., v. Automobile Ins. Co., Wash., 237 P.2d 781; Barish-Sanders Motor Co. v. Fireman's Fund Ins. Co., 134 Neb. 188, 278 N.W. 374; Myers v. Continental Ins. Co., 72 Pa.Dist. & C. 77.

Compare Inman v. Life & Casualty Ins. Co., 164 Tenn. 12, 45 S.W.2d 1073, 1074. There the policy insured against collision or "any accident to any * * * automobile". The court denied the insured recovery when he was killed by an underpass while riding atop furniture loaded on a truck. No part of the truck or load touched the underpass. This suit, however, was on an accident policy on the life of decedent.